UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA   :

v.           :

<u>MATTHEW T. VOSS</u>     : DKT. No. 0207 2:18CR00027-001


<u>MATTHEW T. VOSS' SENTENCING MEMORANDUM</u>

## I. <u>INTRODUCTION</u>

Matthew Voss is a married, forty-three (43) year old adult male with two young children, Vivian (age 3) and Caleb (four months).  Mr. Voss and his wife, Anita, married in 2004 and reside in Northport, Suffolk County, with their children and Anita's mother. He is the sole financial provider for his wife, his children and his mother-in-law.

Mr. Voss submits this sentencing memorandum to support an authorized basis for a "non-guideline" sentence, or a sentence of mitigation and/or a downward departure where applicable and if necessary.

The plea agreement is non-binding but instructive, and, along with a modest mitigation (and/or departure) or an appropriate application of the law, justifies and warrants a non-guideline sentence.  The Court maintains the discretion and authority to impose a non-guideline sentence, as the defendant believes is just and proper, after a review of all facts and circumstances of the case and of Mr. Voss and the person he is.

## II. <u>THE PLEA, THE PRESENCE REPORT AND THIS MEMORANDUM</u>

The August 21, 2018 Presentence Report (PSR) calculates the sentencing guidelines at a Total Offense Level **23** based on a 3-level adjustment for Role in the

1

Offense (+3) and a 3-level adjustment for Acceptance of Responsibility (-3) (including the Government's motion under §3E1.1(a) and (b)).[1]   Mr. Voss has no criminal convictions and, as such, is a is a criminal history category **I**.  Based upon the factors describe herein, the suggested guideline range of imprisonment is **46 to 57 months.**

The PSR details the offense and describes Mr. Voss and his family circumstances. This memorandum is not intended to duplicate or rehash the materials in the PSR, rather, the purpose herein is to add additional factors for this Court to consider as well as highlight specific factors which bear most directly upon the issue of determining the most appropriate sentence.  As the guidelines are "advisory," it is respectfully submitted that a non-guideline sentence, i.e., a period of home confinement, is appropriate for the reasons sets forth below.

III.  THE *ADVISORY* GUIDELINES CONSTITUTE ONLY ONE OF MANY CONSIDERATIONS IN SENTENCING

Title 18 U.S.C. 3553(a) provides:

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection (emphasis supplied).  The court, in determining the particular sentence to be imposed, shall consider –

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed-

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C ) to protect the public from further crimes of the defendant; and

---

[1] During the presentence interview, Mr. Voss accepted full responsibility.  He plead guilty in a timely fashion and stands before the Court ready for sentence.  Respectfully it is submitted that a reduction for acceptance of responsibility is appropriate.

(D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner;

The directive of U.S. v. Booker, 543 US 220, 125 S.Ct. 738, 2005 WL 50108, 2005 U.S. Lexis 628 (2005) and § 3553(a) make clear that the sentencing courts may no longer uncritically apply the guidelines and only depart in the "unusual" case or in the "out of heartland" case.  Federal judges have the flexibility to apply their experience and wisdom to fashion sentences in accordance with the well-recognized pre-guideline principle of "individualized sentencing."[2]   Under §3553(a) a sentencing court must consider the "history and characteristics of the defendant."

Subsequent to Booker, the United States Supreme Court decided Gall v. United States, 552 U.S. 38, 2007.  In Gall, the Court rejected an appellate rule that requires "extraordinary" circumstances to justify a sentence outside the sentencing guidelines range.  The Court makes clear that so long as the District Court considers the §3553(a) factors and supports an outside guidelines sentence with a rationale supported by the record, the imposed sentence should stand.

Once all the factors are properly considered, the just and appropriate sentence is one that is sufficient, but not greater than necessary.  18 U.S.C. §3553(a).

IV. FACTORS SUPPORTING A NON-GUIDELINE SENTENCE FOR MR. VOSS

Mr. Voss respectfully urges the imposition of a non-guideline sentence, specifically a period of home confinement, based on the following factors and considerations.

***Matthew Voss' education and employment background.***  Matt graduated from Hicksville High School in 1993 and from the University of Hartford in 1997 with a

---

[2] The Seventh Circuit in its post Booker interpretation U.S. v. Demeree, 459 F 3d 791, 795 (7th Cir. 2006) held that the "choice of sentence, whether inside or outside the guideline range, is discretionary."

3

Bachelor's degree in music performance. After college, he spent three years as a professional musician before beginning a career in the banking and finance industry. Since 2000, Matt has worked for different banks and mortgage companies and, in doing so, built a solid reputation as someone in the industry who knew his business and treated people fairly and with respect. During the earlier stages of his career, Matt also took a variety of business and management classes at Nassau Community College and Stony Brook University.

Since Matt's arrest and the collapse of Vanguard Funding, LLC., Matt has worked diligently to earn a living and continue, as best he could, to provide for his family. Initially, after his arrest, Matt had a difficult time finding employment and did whatever odd jobs he could to earn money and try and keep his family financially afloat. In October of 2017 Matt was hired by Mr. Roger Delisle as a business consultant. In short, Matt manages two of Mr. Delisle's businesses, both health and fitness clubs on Long Island. While Mr. Delisle may own other types of businesses, as the PSR suggests he does, Matt is solely responsible for the business operations of these two gyms. Matt's annual salary is $60,000.00 per year.

*__Matthew Voss and his role in the crimes herein.__* Mr. Voss was hired by Vanguard Funding, LLC in September 2014. He was hired for the purpose of managing loans after closings occurred, a process at Vanguard that was unorganized and inefficient before his hire. Matt was successful in turning the department around and, in doing so, saving the company approximately $30,000.00 per month in fees. After his success with "post-closing" loans, Matt was asked by the owners of the company, Edward Bohm (a defendant awaiting trial) and Brian Ofsie (absent from any proceedings before the Court)

4

to become the Chief Operating Officer of Vanguard. Mr. Voss was ecstatic at the opportunity.

In February 2015, Matt took over the operations of all departments at Vanguard except underwriting. Over the course of the next year Matt worked diligently to help Vanguard become more efficient and to grow the company's business. In January 2016, Matt was given a 15% ownership interest in the company and in April 2016, he was given another 50%, bringing his ownership share to 65%. The reason given to Matt for this generous proposal was his success in his prior positions at the company and the fact that Brian Ofsie wanted to relinquish his ownership rights in Vanguard. Matt naively believed what he was told and threw himself further into Vanguard.

As Matt's position in Vanguard grew, so did his awareness of the financial straits Vanguard was in and of the fraud that was taking place there. Matt saw first-hand the tens of thousands of dollars that Edward Bohm and Brian Ofsie were funneling out of the company monthly and, unquestionably, became a part of it. Importantly, however, Matt had the misplaced belief that he could fix the wrongs that were done; that he could make Vanguard's lenders whole and salvage what was left of the company after doing so. This was the motivation, however misguided, for Matt committing the illegal acts herein.

Matt Voss does not dispute the PSR's description of the "Offense Conduct" and the "Defendant's Participation" beginning on pg. 3 and ending on pg. 8. Matt had knowledge of the fraud that was happening and played a role in continuing it. His plea of guilty before this Court was genuine and he is prepared to accept whatever punishment this Court finds just.

With all of this said and his plea of guilty rightfully in place, Your Honor should understand that Mr. Voss continued the fraud perpetrated by him and others not for immediate personal gain, but, instead, to try and make Vanguard's lenders whole and try and save what legitimate part of Vanguard may have been left. As this Court is aware, Mr. Voss is responsible for $7,070.29 in forfeiture. This is the amount the Government required; the amount that Matt Voss profited from the fraud he undoubtedly played a role in. This amount of money, while not insignificant, is a far-cry from the tens of thousands of dollars Edward Bohm and Brian Ofsie were looting from the company for personal expenses on a monthly basis. The $7,070.29 is an indication that Mr. Voss' intention in committing the crimes he is in fact guilty of, was not for immediate financial benefit, but, instead, for the purpose of trying to fix a wrong and salvage what was left of a company and employees he cared deeply about.

The explanation above is no way an attempt to lessen Mr. Voss' responsibility in the crimes he has voluntarily admitted too. Mr. Voss pled guilty before Your Honor because he is guilty and is prepared to accept the punishment this Court deems just. With that said however, it is the defense's position that the sentencing court should be afforded an opportunity to consider all the facts surrounding Matt's criminal conduct before handing down a sentence.

*__Matthew Voss and his family.__*[3]    As indicated above, Matt is forty-three (43) years old and has been married to Anita Voss since 2004. Together Matt and Anita have a three-year-old daughter, Vivian, and a new-born son, Caleb who is four-months old. Mr.

---

[3] Attached for Your Honor's consideration are several letters submitted on Matt's behalf. These letters come from his wife, his family members and friends. Throughout the remainder of this memorandum these letters will be referenced as the authors are the people who can provide the Court with a full picture of who Matthew Voss is as a person. The first letter for Your Honor's consideration was written by Matt and is attached hereto as Exhibit A.

Voss and his family reside in Northport, Suffolk County where they have lived since 2004.  Mr. Voss' mother-in-law, Anita Garvey, also resides in the residence and Mr. Voss financially supports her as well as his wife and children.  The relationship between Matt and Anita is a strong one and despite the obvious stresses that this situation can and does put on a marriage, they both remain committed to each other and their young children.  After the birth of their daughter two years ago, Anita and Matt decided that Anita would take a leave of absence from her teaching position in order to remain home with their child.  For the past two years Anita has done so and is now home with both Vivian (three) and their infant son Caleb (four months).  As such, Matt is the sole income earner for his wife and children, a responsibility he gladly bears but that has become increasingly more difficult since his arrest.  Anita's letter speaks to the hard-work and tireless dedication Matt has shown to continue to support his family after he was arrested.

In addition to supporting his immediate family, Matt also gladly took on the responsibility four years ago of supporting his mother-in-law, Anita Garvey.  As his wife states in her letter to the Court, "In a most profound and remarkable decision, he brought my mother to our home to live with us.  We don't have the proper situation in terms of space for extended family, but the need was there and Matt recognized it, we discussed it and he made a way to welcome his mother-in-law into our home." [4]

In addition to being a loving husband and son-in-law, Matt is a doting and devoted father to his two young children.  At the time of Matt's arrest Vivian was a year old and the center of Matt and Anita's world.  After his arrest, with their worlds turned upside down, Matt and Anita did everything they could to not disrupt the routine that is so important in the life of a one-year old.  After working diligently in any employment he

---

[4] See Anita Voss' letter in Exhibit B.

7


could find to continue to support his family, Matt and Anita received the news that their family was going to get bigger. Now, as Matt stands before Your Honor, he is the proud father of two small children.

As many of the letters point out, Matt is a devoted father who makes it a point, even at such an early age, to be an example for children. He is dedicated to the idea that he can teach his children kindness and generosity by having them witness his kindness and generosity towards others. Anita expresses in her letter that Matt's willingness to help others is already wearing off on Vivian who insists on accompanying Matt whenever he goes to help. The unfortunate reality looms, Matt's absence will be felt not only by adults that love him but by his three-year-old daughter who adores her father unconditionally.

In addition to being a strong husband and loving father, Matthew is also a loving son-in-law, brother-in-law, cousin and nephew. The additional letters from family members attached for Your Honor's review all share in similar sentiments; that Matt Voss is a loving and caring family member who is always willing to lend a hand to someone in need. The letters detail Matt and Anita's hospitality in welcoming people into their home and in Matt's willingness to help those that need help and support in any way he can.

This Court should also be aware that Matt's father passed away in April of this year at the age of 69. Prior to his passing, Matt's dad was very ill and Matt was there on a near daily basis caring for him and spending time with him. With everything else happening: this prosecution; his pregnant wife and an active infant and; the stress of trying to support

his family on a limited salary, Matt made sure his father was comfortable at the end of his life and kept it all together as he grieved his dad's eventual passing.[5]

### *Matthew Voss is a true friend to many.*[6]

Matthew's kindness, compassion and loyalty is present not only when it comes to his family but is also ever-present when it comes to his friendships.  The attached letters of David and Karen McDonough, Joseph and Lisa Davenport and Katherine Landry all describe acts of consistent kindness and selflessness on Matthew's behalf.  Whether it be helping remove snow from a neighbor's driveway or simply making someone in distress feel comfortable, the traits of generosity and kindness are evident to all that know and interact with Matt.

### *Matthew Voss is an active member of his church community.*  As Anita's letter also

brings to light, Matt is a man of faith.  Not only attending but being an active member of his church is important to Matt and his family and he does so with energy and devotion.  Whether it be volunteering as an usher during mass, serving as a mentor in a youth group or assembling Thanksgiving baskets, Matt makes a point of donating his time and his experiences to make his fellow parishioners and his community better people and a better place.

### *Matthew Voss is truly ashamed and remorseful for his conduct.*  One constant

throughout these proceedings has been the true shame and remorse that Matt has expressed since this ordeal began.  From the outset, Matt has expressed embarrassment and remorse, not for being caught, but for the pain he has caused his family and his loved

---

[5] Since the passing of his father, Matt has also become more involved in the life and well-being of his mother who resides in Hicksville.  While Matt agrees that his relationship with his mother is "strained," he has made it a point since his father's death to be there for his mother.

[6] Letters from Matthew's friends are attached hereto as Exhibit C.  The letters appear in the same order they are referenced in this memorandum.

ones. As he stands before Your Honor awaiting sentence, the reality of this situation is not lost on Matt. He is truly sorry for what he has done and the thought of his absence from his wife and children, while solely a result of his own actions, is a constant source of pain and regret.

*__Matthew Voss is the primary provider for his family__*. As detailed above, Matt is the sole provider for his wife, his two children and his mother-in-law. As Your Honor may imagine, if Matt were to be sentenced to a period of incarceration the financial support he supplies to his wife, his children and his mother-in-law would disappear. With a three-year old and a four-month old, as well as her mother, the likelihood of Anita securing a job that would allow her to support her family is minimal. Matt has worked hard at his new job and hopefully has a future in Mr. Delisle's employ. If he were incarcerated his family would be without its only source of income and any hope for Matt and his future employment would be dashed.

*__The matter before Your Honor is a severe financial hardship on Matthew Voss and his family.__* As Your Honor is aware, Matt and the other principals of Vanguard Funding, LLC will be jointly and severally responsible for restitution in excess of $3,400,000.00. Additionally, as the Financial Condition: Ability to Pay section of the PSR (pg. 13-15) indicates, Matt has accrued substantial debt and his current monthly expenses exceed his monthly income.[7] Since his arrest and the loss of income at Vanguard, Matt has struggled to keep his family in their family home.

While Matt's future employment with Mr. Delisle is secure for now, this Court is all too aware of the collateral consequences that accompany a felony conviction. The

---

[7] The two judgements under the Liabilities portion of the PSR (Damian Quinn and NorthPointe Bank) are as a result of this case and the collapse of Vanguard Funding, LLC.

truth is a felony conviction combined with Matt's inability to work in the industry wherein he has most of his professional relationships greatly restricts his ability to earn a living that allow him to keep his home and meet his financial obligations.

These facts, combined with the judgements and other liabilities listed in the PSR, will continue to be a severe financial strain on Matt and his family for the foreseeable future.

***Matthew Voss's characteristics lead to the conclusion that he is a very low risk of recidivism.***  As Your Honor is aware, factors such as an individual's age, employment history and prior criminal history are important considerations in the likelihood that an individual will commit additional crimes in the future.  Respectfully, we ask the Court to consider these factors in evaluating Matthew Voss and determining a just sentence.

As you know, Matt is a forty-three-year-old married father of two small children. He is employed full-time and has been with little exception since he graduated from college.  In addition, Matthew is the person many individuals rely on and he is aware of how fortunate he is that he remains close to those who have been hurt most by his conduct, namely his wife, his children and his extended family.

Matthew Voss is a Criminal History Category I.  As such, it is the defendant's position that he poses "no" risk to the public, and the risk of recidivism is virtually non-existent. A lenient sentence is warranted given that there is no need to protect the public from further criminal conduct of the defendant or to deter future crimes. § 3553(a)(2)(B) and (c). See also, United States v. Carmone-Rodriguez, No. 04 Cr. 667, 2005 WL 840464, *5 (S.D.N.Y. April 11, 2005) (below guidelines sentence imposed after considering the low probability of recidivism); Simon v. United States, 361 F. Supp. 2d

11

35, 48 (E.D.N.Y 2005); <u>United States v. Hernandez</u>, No. 03 Cr. 1257, 2005 WL 1242344, *5 (S.D.N.Y. May 24, 2005).

<div align="center">CONCLUSION</div>

Given the forgoing factors, respectfully it is submitted that this Honorable Court is empowered and justified in imposing a reasonable sentence below the recommended guideline range of incarceration.  A sentence of home confinement will provide adequate punishment and reflect the seriousness of the offense while permitting Matt to continue as the sole income earner for his family and will allow him to begin to rebuild the trust of loved ones.

Dated: November 13, 2018

Respectfully submitted,

*Daniel W. Russo*
Daniel W. Russo
Attorney for Matthew Voss
Foley Griffin, LLP
666 Old Country Road, Ste. 305
Garden City, New York 11530
(516) 741-1110

Exhibit A

Matthew Voss
9 Layne Way
Northport, NY 11768

The Honorable Sandra J. Feuerstein
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

RE: UNITED STATES v. MATTHEW VOSS (18 CR 027 (SJF)

Dear Your Honor,

I am writing this letter on my own behalf to express my deep regret for my actions, not only for my
wrongdoing, but also for the tremendous pain that I have brought to my family. I fully understand the
seriousness of my offense, and I accept responsibility. I am not someone that has looked for the easy
way out, and I am ashamed of myself.

My wife and I have been married for fourteen years and we have been blessed with a wonderful daughter
that is three years old and a beautiful baby boy that is just four months old. I love my family deeply, and I
know that my absence would be devastating to them. I am devoted to my family and committed to raising
my children to be kind and loving human beings that desire to do good in their lives. I am the head of my
household and the sole provider for my wife and children, and for my widowed mother-in-law that I moved
into my house several years ago following a series of medical issues. My wife was a secondary school
teacher but has been out of the work force for almost four years and I fear that the responsibility of
supporting our family in my absence would be a near impossibility. Also, my own mom is recently
widowed, and while our relationship has been strained over the years, I am the oldest sibling and the
closest to her in proximity, and have tried to be a help to her.

I have always strived to be a good husband, father, son, neighbor, and citizen. I know that what I did was
wrong and purpose to teach my children about the importance of making good choices in all of this. I
realize that I have to answer for my choices, and I humbly entreat you to consider giving me the chance
to continue to support my family, and also to continue to repair the damage that my actions have caused.
My wife, children, and mother-in-law are caring, generous, good people that don't deserve to endure
more harm and suffering that would surely result from my removal from our home. Thank you for your
consideration. I gracefully accept your decision.

Sincerely,

Matthew Voss

Exhibit B

Dear Judge Fuerstein,

I am writing with regard to my husband, Matthew Voss. My name is Anita Voss and Matthew and I have been married for 14 years and I've known Matt for more than 17 years. Matt and I have two sweet children; a beautiful three year old laughter Vivian and a precious three month old little boy Caleb. I have a secondary teaching certification in mathematics and enjoyed several years in the classroom. I am currently home caring for our children. We have been living in our home for almost 15 years and have built a life together here, in our church and in our community.

This case has had a serious impact on our family. It has been a hardship for sure, but Matthew has been strong and steady leading his family through this difficult trial. I have seen the profound effect this has had on him, his relationships and his career. In spite of seemingly insurmountable obstacles, Matt has been able to provide for his family and still remain an integral part of the lives of our friends and extended families. Matt has been indefatigable through this, really remarkably so, and while we have come together as a family and value the support and love of our friends and family, Matt has been steadfast to love and guide us through this. Though the financial impact was devastating to us, Matt pursued every avenue with great humility to continue to provide for us and keep me home with our young children to reduce the impact as much as possible. Matt is a man who seeks to do right for everyone he knows. When and where there is a need, Matt has been proactive to be a reliable source of help. I have known snowy mornings when our daughter has come down looking for daddy and I tell her, with a glad and grateful heart, that her daddy is clearing the driveways of our neighbors. His acts of kindness have inspired a spirit of service in our daughter who begs to help alongside of him. This is a true treasure in our world. I have seen him get up from his dinner to help a neighbor move a piece of furniture or bring a load of lumber into the house without a grumble. Matt is gentle and kind-hearted. He is an intentional and fully present father to our children. When he disciplines he looks at the heart and seeks to teach with patience and by example. To be sure, Matt is not perfect, but where he can be and do better he is always striving to do so. Matt has been and continues to be supportive as a husband financially and emotionally. I know that I am deeply loved by Matt and that his heart is for his wife and family. He has shown in many ways over the years that he values what is important to me. In a most profound and remarkable decision, he brought my mother to our home to live with us. We don't have the proper situation in terms of space for extended family, but the need was there and Matt recognized it, we discussed it and he made a way to welcome his mother-in-law into our home. My mother has lived with us for over four years and Matt has shown her great generosity, love and affection. Without me even asking she is invited to join almost all of our outings and he gladly celebrates even anniversaries as a family. Together Matt and I are more than the sum of our parts. In all honesty we are better together than apart, we are a great team and I love when we come together to make things

happen, whether it's raising children, a holiday with family, preparing and serving dinner to friends, fall clean-ups or siding our house side by side, these are the things our life is made of and made better so because we do what we do best together.

Matt is also a man of faith. We have membership in our church and attend regularly. Even with a young family, Matt looks for ways to serve without sacrificing the needs of his family which is not an easy balancing act. He is an usher in our church, attends the weekly men's group and prior to having children he served alongside me in the youth group. When I volunteer for vacation bible school, he helps me get supplies and takes off from work on the last day to help set up for the family BBQ. Every year I volunteered to help put together Thanksgiving baskets for those in need, Matt showed up on his way home or left work early to help, often stopping to pick up more gravy and turkeys to fill more baskets. I don't know that he even considers going home! Honestly, Matt makes me a better volunteer by helping and encouraging me, making up the difference and showing up in moments of need with a smile and helping hands. When I take on too much and run out of time, Matt is there - without even an eye roll - to help grade papers, shop, bake and even craft to help me honor my own commitments. But most importantly to encourage me and pray with me. His heart is to be with his family no matter where they are or what they are doing and even more so if our time together helps another.

Having lost the ability to provide for his family with his mortgage banking license, Matt has had to consider and search out new ways to support us and earn a living. This has been no easy task and the hardship has been considerable. We are fortunate that Matt's gifts and talents go beyond mortgages and finance. He has worked hard to establish a new professional path for himself but it has also made him very conscious of the difficulty many people, and especially young people, have in establishing their own careers and building a future. We just recently started discussing how a new opportunity he has would enable him to build a team made up in part of young men he can mentor and guide to greater success in their own lives. His desire is to enlist young men, whose talents haven't earned them degrees in higher education and who often struggle to compete with others who knew someone or had the right credentials, but are no less marketable and able and perhaps in some ways even more so. Matt is very good at recognizing talent and tenacity in others beyond what most see and perhaps even unknown to themselves. I have known Matt to invest in his own employees who were struggling by helping them find a better fit within the company. He hopes to grow a new business that offers people opportunities they might not otherwise have and I am proud to have a husband who looks to use his future and what he's learned from his past to the benefit of others.

# Andrew J. Schweighardt, Ph.D.

108 Sandy Hollow Rd.
Northport, NY 11768
631-935-3796
ajschweighardt@gmail.com

Hon. Sandra J. Feuerstein
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

October 12, 2018

Dear Judge Feuerstein,

My name is Andrew Schweighardt and I am writing this letter in support of my family member, Matthew Voss. As a practicing forensic scientist, I have devoted my career to the pursuit of truth as it relates to matters of the law. Therefore I have a great deal of respect for your profession and its challenges. I hope that this letter will provide you with some insight into Matt's virtues so that you can make an informed decision about his future.

I first met Matt approximately fifteen years ago shortly before he married my cousin Anita. Immediately he struck me as a gentle and kind man, and I was proud to think that he might become a member of our family one day. When he and Anita were a young married couple, I was impressed that Matt spent every Friday night washing dishes at the restaurant where Anita served tables, just so they could have more time together. I also recognized Matt's industrious work ethic because of the tireless hours he spent personally repairing the home he purchased with Anita. I often marveled at Matt's energy and talent with respect to home improvements.

Over the years Matt established himself as an indispensable member of our family. I was a frequent visitor at Matt's home, and I always observed him treating his wife, children, and guests with utmost respect. I never heard him disparage others or make inappropriate comments. On multiple occasions I was invited by Matt to accompany his family to their Church, either for worship or fellowship activities. On holidays Matt has graciously hosted family dinners where he would begin the meal by leading the guests in a prayer of thanks. At family functions, Matt is always delighted to play with his two young children. Through observing Matt interact with his family over the years, it became clear to me that he takes his responsibility as a husband and father very seriously.

Beyond being an extended family member, I have also come to know Matt on a personal level. We enjoy talking about shared interests such as films and music. Matt often fondly recalls his experiences as a professional musician when he was a young man. As a friend and family member of Matt, I can say that one of his most pronounced traits is his thoughtfulness. I remember when my hand was badly injured in a boating accident, Matt was among the first to visit me in the hospital. If asked to describe Matt, I would characterize him as a quiet, humble, caring man.

I appreciate the opportunity to express my admiration for Matthew Voss, and I hope that my letter will provide you with a better picture of his true character. Matt is a devoted father and a loving husband, and he is also a cherished member of our family. I believe that the good he can do for his family and community far surpasses anything that can be gained from punitive measures. Thank you for considering what I have written when you decide his fate. Please do not hesitate to contact me if there is anything further I can contribute.

Sincerely,

Andrew J. Schweighardt

# JAMES P. GARVEY

805 N. Olive Ave, Apt 806, WPB, Florida 33401 | 631.327.8925 | james.garvey1277@gmail.com

**9/23/2018**

Judge Feuerstein
RE: UNITED STATES v. MATTHEW VOSS
18 CR 027 SJF

**Dear Judge Feuerstein:**

I am writing this letter on behalf of Matthew Voss.  I have known Matthew for over 15 years.
He is married to my sister, Anita Voss and is the loving father to my niece, Vivian Rose and my
nephew, Caleb James.  He has also opened his home to my Mother, Anita Garvey, where
she now lives.  Over the last six years, he has financially supported my mother and has been a
part of several recoveries from medical procedures that she has undergone.  In my own
personal life, Matthew has always been there to lend a hand to help, an ear to listen or a
shoulder to lean on.  He has always been there to help with a move or a construction project
in my home.  I know him to give of his time freely, without any expectations.

Matthew's integrity and moral compass is without question.  As a father and as a man, I know
it to be true that Matthew always seeks the Lord's guidance and strives to take the higher
ground in all situations.  I know even in his involvement within this case, his goal was to make
the banks that were effected whole.  I have never know Matthew to be malicious or have
even the slightest criminal intent.  He is an upstanding member of is neighborhood and his
community.

I am happy to answer any further questions that you may have .  My contact details are
above.

Sincerely,

**James P. Garvey**

October 14, 2018

Dear Judge Feuerstein,

My name is Elizabeth Castellano and I am writing with my husband, Stephen Castellano. I work as an elementary school teacher in Nassau County and Stephen is a New York State Court Officer in Suffolk County. We are writing to you on behalf of our cousin, Matt Voss.

We have known Matt for over 14 years as he came into our family when he married my cousin Anita in 2004. Matt has been a wonderful addition to our family because of his kind, gentle and loving personality. Matt is a calm and thoughtful man who always gives his undivided attention when talking to you. Matt has shown us he is a man of faith and takes his role as a husband and father seriously. We have found Matt to be hard working, both in his home and in his career, intelligent and a reliable member of our family, not prone to instability or indecisiveness.

My husband and I would ask that, in view of Matt's strong character and personal integrity, you would consider leniency in his case. We love Matt very much and value his presence in our family.

Sincerely,

Stephen and Elizabeth Castellano

October 5, 2018

To whom this may concern:

My name is Christine Anchundia and I am writing along with my husband, Elias Anchundia regarding our nephew, Matthew Voss.

We know Matt since 2004 when he married our niece, Anita Marie. He has been a joy and a blessing to our family through the years. We have found Matt to be a loving and caring young man. He is a responsible and loving husband to his wife and to his young children.

Matt is a man of God, being serious about his faith. He makes it a priority to worship at his church regularly.

Matt is a stable young man, level-headed and calm. Someone you would want present in an emergency. He is thoughtful and we can see that he thinks things through. He is not impulsive.

One thing that stands out for us is that even though we are much older than he is, Matt takes the time to ask us how we're doing. He's sensitive in that way, being a good listener. We love him.

Yours truly,

*Christine Anchundia*
*Elias Anchundia*

Christine Anchundia
Elias Anchundia

October 17, 2018

To whom it may concern:

Matthew T. Voss is my nephew. He is the son of my brother, Thomas L. Voss. I have known him since the day he was born.

He is a valued family member for whom I have the upmost respect for his family values, integrity and honesty.

He is also a very intelligent young man who pursued his education and provides excellent support to his wife and two children.

He is a Christian man who is active in his church community and will always provide a helping hand to others in need. He has strong Christian values which support his attributes of honesty and integrity.

He is an excellent husband and father who puts his family first and displays real love and affection to his immediate family as well as extended family and friends. He and his wife extended me extraordinary hospitality when I visited New York in 2017 at an emotionally trying time for me.

I believe that Matthew is an excellent human being who has made contributions in every area of his life including home, business relationships and personal relationships, as well as contributions to the community.

Mary Anne Nargi

Mary Anne Nargi

Exhibit C

October 8, 2018

Dear Judge Feuerstein,

This is a letter testifying to the character of Matthew Voss. David and Karen McDonough write this with great pleasure, not because of the need for it but because it is easy for us to speak on his behalf. We have known Matt for a few years. We met him through his wife, Anita Voss, who taught with Karen at Smithtown Christian School in Smithtown. They both quickly became our close friends.

We know Matt to be loving and kind. He does not make decisions regarding his family without careful, and prayerful thought. We have seen him become a father to his daughter and most recently a son and can testify to his nurturing, loving care for both of them and his wife. We are confident in saying he would never do anything to jeopardize their safety or security.

We know Matt to be intelligent, hard-working, and diligent. His work ethic is outstanding. He genuinely cares about doing the right thing. His goal is to provide for his family doing an honest days work. He uses his gifts and talents for the advancement and success of his employers, always sharing his knowledge and experience towards that end.

We know Matt to be helpful and generous. Both of us have called upon Matt for help and advice on different things. He has been generous to us with the giving of his time and resources on many occasions. His advice and assistance has been so valuable to us.

We know Matt to be thoughtful and kind. We can safely say it is his intention to live his life being kind and considerate to others. He is careful in the way he treats others and in the way he speaks to others. He is patient and respectful of others.

Matthew Voss is a man of integrity. It is an honor to call him our friend.

Sincerely,

David and Karen McDonough

**Joseph L. and Lisa A. Davenport**
**3 Layne Way**
**Northport, New York 11768**

October 10, 2018

United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

Dear Hon. Judge Sandra J. Feuerstein,

We are submitting this letter on behalf of our longtime friend and neighbor Matthew Voss.

My wife and I have lived at our home on Layne Way for 25 years. I have worked in County (Nassau) and Town (Hempstead) government for almost 30 years and am a licensed professional engineer in the State of New York. My wife has worked predominantly in the life insurance field for approx 35 years, with a period of time spent out of the workforce as a stay-at-home mom raising our two daughters.

For more than 14 years, Matt and his family have been our neighbors on Layne Way and, more importantly, our close friends. Our families have spent holidays together, celebrated children's birthdays together, and shared dinners together at each others homes. Through this friendship and frequent "get togethers" we've been able to see first hand that Matt is a great, forthright and honest person. He always puts the needs of others before his own, whether family or friends. I've lost count of the number of times I'll be in the midst of a project or task, turn around, and Matt will be knocking at the door offering to help. My current position with the Town necessitates that I work during snow storms, taking me away from clearing my own driveway for my family. In every instance of snow, and without the need to ask for his help, Matt has either cleared my driveway himself or assisted my wife with the task. Going above and beyond to assist friends and neighbors is just Matt being Matt.

We've also seen Matt demonstrate his patient and caring nature as he and his wife raise their young children. Never raises his voice and never portrays any sense of frustration with his children. Always takes the time to explain the "why" in a decision, even when most parents might simply respond "because I said so."

We hope our letter has helped to provide a better understanding of Matt "the person" and would respectfully request leniency in any judgement you might render.

Sincerely,

Joseph L. Davenport

Lisa A. Davenport

October 25, 2018

Dear Judge Feuerstein:

This letter is in reference to the character of Matthew Voss.  I met Matt in 2013 when his wife Anita became my coworker at Smithtown Christian School. Over time, I became acquainted with Matt as he joined Anita at school functions, and later on, as our husbands became friends also.

As I got to know Matt, he immediately struck me as a man of character.  From the onset, he was friendly, warm, engaging, and personable with strangers.  His outgoingness and genuine interest in others is what stood out to me the most. As I witnessed Matt interact with others and socialize at school functions, I observed how comfortable he was at making others feel comfortable.

As Anita and I became friendlier, and as chance would have it, we became pregnant and had our children within 3 months of each other, I had the chance to observe Matt in another role.  He was extremely devoted to Anita throughout her pregnancy, and he was a doting father to his new daughter. Even with all of the new changes in their lives, Matt always warmly welcomed me into their home any time I came for a visit with my husband or my twin sons.

Several times throughout my relationship with Matt and Anita, they have demonstrated generosity to us in our times of need.  Anytime I casually mentioned a difficulty I was experiencing at home, with our sons, or financially, without ever being asked, Matt and Anita observed our struggle and responded by meeting our need.  Their generosity to us over the years has overwhelmed me and my husband on several occasions.

In short, I've only know Matthew Voss to be a kind, generous, upright, honest person. As a friend, father, husband, Christian, and citizen, Matt has the highest standards of integrity and has always strived to do the right thing, even when it has been hard.  He has earned my respect on every level.

I am more than happy and willing to vouch for the honorable character of Matthew Voss. I would ask that you please consider leniency in his case, based on his outstanding character.  Please contact me if you need any more information: katherinelandry04@gmail.com.

Very sincerely,

Katherine Landry